**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL CREECY, | ) |
|       Plaintiff | ) **Case No.:** |
| v. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| AMCOL SYSTEMS, | ) **(Unlawful Debt Collection Practices)** |
|       Defendant | ) |

## **COMPLAINT**

MICHAEL CREECY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMCOL SYSTEMS ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Delaware, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in New Castle, Delaware 19720.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with its principal office located at 111 Lancewood Road, Columbia, South Carolina 29210.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempting to collect a consumer debt from Plaintiff.

12. The alleged debt Defendant was seeking to collect, a medical bill, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Throughout April 2012, Defendant placed continuous and repetitive collection calls to Plaintiff's cellular telephone.

14. During the relevant period, Defendant called Plaintiff multiple times a day.

15. Upon information and belief, Defendant called Plaintiff on a continuous and repetitive basis with the intent of harassing Plaintiff into paying the alleged debt.

16. Further, on multiple occasions, Plaintiff had the opportunity to speak with Defendant's collectors.

17. During these conversations, Plaintiff instructed Defendant to stop calling him, making it clear that further calls would be harassing. Despite Plaintiff's clear instructions, Defendant continued to call him on a repetitive and continuous basis.

18. Additionally, on or after April 4, 2012, Plaintiff received correspondence from Defendant regarding the underlying debt. See Exhibit A, Defendant's April 4, 2012, letter to Plaintiff.

19. In its correspondence, Defendant stated that Plaintiff had thirty (30) days from receipt of the letter within which to dispute the debt, request verification and/or request information regarding the original creditor.

20. Defendant's letter was mailed on or after April 4, 2012, and the earliest Plaintiff could have received Defendant's letter was on April 5, 2012. Therefore, Plaintiff would have had until May 5, 2012, to dispute the debt, request verification of the debt, or to request additional information about the creditor.

21. After April 4, 2012 and before May 2, 2012, Defendant spoke with Plaintiff and told him that the debt must be paid in full by May 2, 2012, or the debt would be added to Plaintiff's credit report.

22. The threatened action was in disregard of the remaining number of days within which Plaintiff had to dispute the debt and/or request verification, and the deadline was at least three (3) days premature.

23. Further, receipt of a request for validation could have been delayed if sent on the last day, by the time period necessary for the postal service to deliver the written request.

24. Defendant's threat to credit report if full payment was not received by May 2, 2012, overshadowed and was inconsistent with Plaintiff's right to dispute the debt or request the name and address of the original creditor.

25. Defendant's statements would threaten or encourage the least sophisticated consumer to waive his rights to dispute or to seek verification of the debt.

26. Defendant's statements were not a mere invitation to pay.

27. Defendant's actions in attempting to collect the debt were harassing, deceptive, and unfair.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

   a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

   b. Here, Defendant violated §1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff after he requested that Defendant stop calling him, as Defendant was aware that it was inconvenient to Plaintiff to receive its collection calls.

## COUNT II

29. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§1692d, and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring on average twice per day, with the intent to annoy, abuse and harass Plaintiff, and when it continued to call Plaintiff after he requested that Defendant stop.

## COUNT III

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(b).

   a. A debt collector violates §1692g(b) of the FDCPA by engaging in collection activity and communications during the 30-day period referred to in 15 U.S.C. §1692g(a) that overshadows or is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name an address of the original creditor.

   b. Here, Defendant violated §1692g(b) of the FDCPA by shortening the statutory

mandated thirty (30) day period within which Plaintiff could dispute or request additional information regarding the debt.

WHEREFORE, Plaintiff, MICHAEL CREECY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL CREECY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date: 03/21/2013        By: */s/ W. Christopher Componovo*
    W. Christopher Componovo
    Attorney ID #3234
    Kimmel & Silverman, P.C.
    Silverside Carr Executive Center
    Suite 118, 501 Silverside Road
    Wilmington, DE 19809
    Phone: (302) 791-9373
    Facsimile: (302) 791-9476